Meredith A. Ahearn
HAGANS, AHEARN & WEBB
310 K Street, Suite 400
Anchorage, AK  99501
(907) 276-5294

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>LESLIE J. WILLIAMS,  )<br>)<br>Defendant.  )<br>_____) | Case No. 4:003-CR-03(JWS) |

**DEFENDANT'S AMENDED § 2255 PETITION**

On May 8, 2006, Leslie J. Williams filed a motion under 28 U.S.C. § 2255, based upon his alleged denial of effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.  Defendant listed several grounds in support of his Petition.  No additional grounds are set out in this Amended Petition.  The grounds are summarized here as follows:

1.   Trial counsel failed to argue his case at sentencing, exhibiting a bias against Defendant when he stated that he had nothing to say in response to the government because he was the father of two teenage daughters.

2.   Defendant has consistently disputed the drug amount and did so at his change of plea hearing on May 17, 2004.  The Court accepted the plea to a detectable amount of cocaine.  The Defendant also disputed the Presentence Report statement as to base level offense of 32, which was set out in the second Presentence Report.  The government added Mr. Williams to the First Superseding Indictment after it had already agreed that he would enter a guilty plea to a count of the original Indictment which agreement was also set out in the government's proffer agreement. Trial counsel failed to move for specific performance of the original agreement.  This plea agreement resulted in a base offense level 12 under the United States Sentencing Guidelines and was set out as such in the original Presentence Report.

At change of plea, Defendant attempted to tell the Court he did not agree with the drug amount of at least 5 kg, and that his trial counsel had told him that the drug amount was non-binding at the time he signed the Plea Agreement.  Trial counsel also told him that he no choice but to sign the Plea Agreement as written.  At the change of plea hearing Defendant was given a few minutes off the record to speak with trial counsel, and then agreed to plead guilty despite the fact that he had serious reservations about the drug amount.

A. **Constitutional Standard.**

Effective assistance of counsel is guaranteed to criminal defendants by the Sixth Amendment of the United States Constitution. An accused is entitled to the assistance of counsel whether the counsel is retained or appointed. To prevail on a claim of ineffective assistance of counsel, defendant must show that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and if so, whether there is a "reasonable probability" the ineffectiveness prejudiced the outcome at trial. Id. at 695. A reasonable probability is "sufficient to undermine confidence in the outcome." Id. The benchmark of a meritorious and effective assistance of counsel claim is a performance so poor that the trial cannot be relied on to have produced a just result. Id. at 686.

In assessing an attorney's performance, courts must be highly deferential, and a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, that is, the defendant must overcome the presumption that under the circumstances, the challenged action might be considered "sound trial strategy." Id. at 689. Nor will the court view counsel's actions through the "distorting lens of hindsight." Hendricks v. Cauldron, 730 F.3d, 1032, 1036 (9th Cir. 1995). A defendant can make out a claim of ineffective assistance of counsel only by pointing to specific errors by trial counsel. United States v. Cronic, 466 U.S. 648, 664-65 (1984). Sentencing is a critical stage of a criminal proceeding, to which the Sixth

Amendment guarantee of effective assistance of counsel applies. <u>Mempa v. Rhay</u>, 389 U.S. 128, 134-35 (1967).

At his change of plea hearing on May 17, 2004, Defendant was advised by the trial court that there were 5 kg. of cocaine involved in his plea. He was asked if he understood how the quantity was derived and if it was correct. The Defendant answered that it was not correct. He believed that the drug amount was less than 5 kg. The trial court advised the Defendant that because the plea was based upon that quantity, the court would go off record and allow Mr. Dattan to discuss the matter more with his client. After a brief recess, Mr. Dattan advised the trial court that Mr. Williams's reservations were not necessarily the quantity involved in the conspiracy, but the relevant conduct concept. Mr. Dattan advised the trial court that with reservations Mr. Williams accepts the quantity set forth and that the reservation is just regarding his own personal delivery, not the total amount involved in the conspiracy. The trial court proceeded to continue with its *voir dire* and eventually accepted Mr. Williams's plea. Tr. 5-17-2004 pp.8-11.

Defendant entered into a Plea Agreement which was filed under seal May 11, 2004. Subsequently to that, he moved to withdraw his plea and claimed ineffective assistance of counsel against his trial attorney. Counsel was appointed for Defendant to file a motion to withdraw plea. The counsel appointed determined that Defendant might have possible negative consequences from withdrawing his plea, and that he could find no factual basis to support an argument that Mr. Williams did not receive effective assistance of counsel.

The essence of Defendant's argument is not that he wishes to withdraw his plea and proceed to trial, rather it is that he made an agreement with the government to plead to one count in the original Indictment, and a Presentence Report was prepared. He did not at that time agree to an amount of 5 kg. or more. Defendant merely seeks the benefit of his bargain under the original agreement. He has disputed the 5 kg. of cocaine on numerous occasions, including the Change of Plea hearing, but was told by trial counsel that he had no choice.. Defendant requests an evidentiary hearing under separate motion in order to establish the facts supporting his Petition.

DATED at Anchorage, Alaska this _____ day of September 2006.

                HAGANS, AHEARN AND WEBB
                Attorneys for Defendant

By:     /s/
      Meredith A. Ahearn
      Alaska Bar No. 6903001
      HAGANS, AHEARN & WEBB
      310 K Street, Suite 400
      Anchorage, AK  99501
      (907) 276-5294:  Phone
      (907) 276-8732:  Fax
      E-mail:  haw@alaska.net

CERTIFICATE OF SERVICE
I certify that a copy hereof was served
electronically this _____ day of September 2006,

on:

Frank Russo
U. S. Attorney's Office, District of Alaska
222 W. 7th Ave.,#9, Room 253
Anchorage, AK 99513


　　　　　/s/
Meredith A. Ahearn
Hagans, Ahearn & Webb