**MINUTES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

 UNITED STATES OF AMERICA        v.     LESLIE J. WILLIAMS, JR.   

THE HONORABLE JOHN W. SEDWICK   CASE NO.   3:04-cr-00003-03-JWS   

    Deputy Clerk                        Official Recorder

  Pam Richter                

APPEARANCES:    for PLAINTIFF:   ----

               for DEFENDANT:   ----

PROCEEDINGS:    **ORDER FROM CHAMBERS**

This order addresses the motion at docket 872 in which the United States seeks an extension of time to respond to Leslie Williams's motion for relief pursuant to 28 U.S.C. 2255.  This order **also requires action to be taken by Leslie Williams and Meredith Ahearn** as discussed below.  These matters can only be understood if the court first lays out a brief synopsis of the procedural posture of this case.

The underlying motion for relief pursuant to 28 U.S.C. 2255 was filed by Mr. Williams acting pro se on May 8, 2006, at docket 848. As is routinely done, the matter was referred to the magistrate judge for further proceedings and a report and recommendation to this court.  Thereafter, the magistrate judge granted Williams' request for appointment of counsel and entered an order directing the Federal Public Defender to assign a CJA panel attorney to represent Williams.  Meredith Ahearn was assigned.  At docket 859 she filed a memorandum in support of the relief requested by Williams under section 2255, and at docket 860 she moved for a hearing on Williams' ineffective assistance of counsel claim. Before anything more could be done, Mr. Williams attempted to disavow the work done on his behalf by Ms. Ahearn by filing a motion at docket 862 asking the court to ignore anything filed by Ms. Ahearn and to allow him to start over with a new attorney.  The basis for the motion was that Ms. Ahearn had not discussed the motion with Mr. Williams.  The filing of Williams motion left unclear just what if anything was pending for response by the United States, so it filed a motion at docket 863 for an extension of time to respond to Williams' section 2255 motion until it could be determined whether the motion would include the arguments contained in the memorandum filed by Ms. Ahearn.

[FORMS*IA*]

Concluding that the case was not moving forward quickly enough, on October 2, 2006, this court withdrew the reference of the case to the magistrate judge in an order at docket 864. That order also denied the motions at dockets 860 and 862 with leave to renew if appropriate after Ms. Ahearn conferred with Williams and discussed his concerns with him. She was to have done that by October 30, 2006. She did not. In the meantime, not realizing that this court had already withdrawn the reference, the magistrate judge scheduled a hearing on the 2255 motion as requested by Ms. Ahearn. Thereafter, realizing the reference had been withdrawn, the magistrate judge vacated that hearing.

Because Ms. Ahearn did not respond by October 30, 2006, this court issued another order directing her to do so no later than November 13, 2006. She filed a response indicating that she had called the institution where Williams is housed, sent him a letter and sent him a facsimile, but had been out of her office on the one occasion when Williams called her office. (Doc. 870).

Given the above, the motion at docket 872 is **GRANTED** as follows: The United States shall not be required to respond to Williams' section 2255 motion pending further order of this court.

**IT IS FURTHER ORDERED:** Williams shall immediately contact Meredith Ahearn and discuss his concerns. By like token, Ms. Ahearn shall immediately contact Williams and discuss his concerns. The burden is now on both client and lawyer to be sure that contact is made and that there is a discussion of Williams' concerns. Thereafter, Ms. Ahearn shall file either an ex parte motion to withdraw under seal, or a notice that Williams wishes to proceed to have his section 2255 motion heard with the benefit of the memorandum she has already filed and with a renewed request for a hearing on the ineffective assistance of counsel claim. Ms. Ahearn shall file one or the other no later than January 8, 2007. It will not be grounds for relief that she has not spoken to Mr. Williams. If nothing has been filed by Ms. Ahearn on or before January 8, 2007, the section 2255 motion will be denied without prejudice.

In addition to serving counsel via ECF, the Clerk of Court shall mail a copy of this order to Williams.


DATE:  December 11, 2006  

ENTERED AT JUDGE'S DIRECTION  
INITIALS:  prr  
Deputy Clerk

[FORMS*IA*]